IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY, individually and on behalf of a
class of all persons and entities similarly situated,

    Plaintiff,

vs.

TITAN GAS, LLC,

    Defendant.

Case No. 5:16-CV-158 (Stamp)

ELECTRONICALLY FILED
Oct 11 2016
U.S. DISTRICT COURT
Northern District of WV

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Diana Mey brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Ms. Mey alleges that Defendant Titan Gas, LLC ("Titan Gas") violated the TCPA by placing an auto-dialed, pre-recorded telemarketing call to her cellular telephone number – a number listed on the national Do Not Call Registry – without her prior express written consent.

3. Because the call to Ms. Mey was transmitted using technology capable of generating thousands of similar calls per day, Ms. Mey brings this action on behalf of a proposed nationwide class of other persons who received illegal telephone calls from Titan Gas.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Diana Mey resides in Wheeling, West Virginia.

6. Defendant Titan Gas is a Delaware corporation that has its principal office in Texas, but does business in this District.

## Jurisdiction & Venue

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8. Venue is appropriate in this district pursuant to 18 U.S.C. 1391(b)(2), as the Plaintiff is a resident of this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## TCPA Background

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls, finding that

> residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* §§ 2(10) and (12).

11. The TCPA's most stringent restrictions pertain to calls placed to cell phones.

12. The TCPA bans persons and entities from initiating telephone calls using automated telephone dialing systems ("autodialers") or pre-recorded messages to telephone numbers assigned to a cellular telephone service, unless the caller has the recipient's prior express written consent. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

13. Prior express written consent requires an agreement, in writing, bearing the signature of the person called that (a) clearly authorizes the caller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an autodialer or an artificial or prerecorded voice, and (b) lists the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. *See* 47 C.F.R. § 64.1200(f)(8).

14. In 2003, Congress created the National Do Not Call Registry. By listing a telephone number on the Registry, an individual can indicate her desire not to receive telephone solicitations. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

## Factual Allegations

15. Titan Gas provides natural gas services and uses telemarketing to obtain new clients.

16. Titan Gas uses "cold call" sales tactics, and places telemarketing calls to persons with whom it has no business relationship and no signed permission to telemarket.

17. It uses automated telephone dialing equipment in order to maximize the number of persons to whom it can telemarket.

18. Because Titan Gas has no relationship with or signed permission from its call recipients, the TCPA prohibits it from calling cellular telephone numbers and numbers that are on the National Do Not Call Registry.

19. Although Titan Gas could easily "scrub" its dialing lists to remove these numbers, it does not do so.

20. On at least four occasions – on August 29 and September 5, 8 and 13, 2016 – Titan Gas placed telemarketing calls using an automated telephone dialing system to the Plaintiff's cellular telephone, 304-281-XXXX, which is now, and was then, listed on the National Do Not Call Registry for more than thirty days.

21. The callers identified themselves as calling for "Titan Gas and Power," a trade name for Titan Gas.

22. The following facts indicate the calls were placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1):

    a. On the September 13, 2016 call, the sales agent and her supervisor both informed Ms. Mey that the calls were autodialed with a computer;

    b. On that same call, the sales agent told Ms. Mey that her information does not appear on the agent's screen until "you're there and I'm ready to speak to you," which is how an ATDS works.

    c. All of the calls had an audible click and a pause before the agent came on the line, consistent with how an ATDS works;

    d. The geographic distance between the Defendant and the Plaintiff indicates that the calling was done through a nationwide *en masse* telemarketing campaign, which is generally only capable of being carried out using an ATDS;

    e. Many other consumers have complained about unsolicited telemarketing calls from the same caller ID that appeared on Ms. Mey's telephone system, again indicating the use of an ATDS capable of generating a high volume of calls; and

    f. The sales agents appeared to use a script to make their sales pitches.

23. Titan Gas did not have the Plaintiff's prior express written consent to receive telemarketing calls, and its sales agent admitted this on the September 13, 2016 call.

24. The Caller ID for the Titan Gas calls was (614) 541-2513.

25. Other consumers have complained about similar telemarketing calls from Titan Gas. For example, an internet search revealed the following complaint:

> This person wanted to talk to me about my electric bill. I immediately said please remove me from your call list. This girl Amy was rude and used inappropriate language and said to remove my number she would need to identify it, blah blah, blah. I said you know my number because you called it. She said Good I won't remove your number blah, blah blah. And hung up on me! Stop! I do not want to be solicited in my home! This is harassment.

*See* http://800notes.com/Phone.aspx/1-614-541-2513 (last visited September 14, 2016).

### Class Action Allegations

26. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

27. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined, subject to discovery and investigation, as all persons within the United States that Titan Gas, or any third party calling on its behalf, called on a cellular telephone line using an automatic telephone dialing system, at any time from four years before the date this action was commenced through the date of class certification.

28. The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined, subject to discovery and investigation, as all persons within the United States whose telephone numbers were on the National Do Not Call Registry for at least 31 days, and who, at any time from four years before this action was commenced through the date of class certification, received more than one telemarketing call within any twelve-month period from Titan Gas, or any third party calling on their behalf.

29. Excluded from the classes are the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

30. The class members are identifiable through phone records and phone number databases.

31. The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

32. Plaintiff is a member of the classes.

33. Questions of law and fact common to Plaintiff and to the proposed class include:

    a. Whether the Defendant used an automatic telephone dialing system to call cellular telephones;

    b. Whether the Defendant called numbers on the National Do Not Call Registry;

    c. Whether the Defendant placed autodialed telemarketing calls without obtaining the recipients' valid prior express written consent;

    d. Whether the Defendant's violations of the TCPA were negligent, willful, or knowing; and

      e.    Whether the Plaintiff and the class members are entitled to statutory damages as a result of the Defendant's actions.

34. Plaintiff's claims are typical of those of the class members because they are based on the same facts and legal theories.

35. Plaintiff is an adequate class representative because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

36. The actions of Titan Gas are generally applicable to the class as a whole and to Plaintiff.

37. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual questions concern identification of class members, which will be ascertainable from records maintained by Defendant or its agents.

38. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

39. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's provisions prohibiting autodialer and prerecorded message calls to cell phones

40. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41. The Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone numbers assigned to a cellular telephone service, or (b) causing others to initiate those calls on its behalf. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

42. The Defendant's violations were negligent, willful and knowing.

### Count Two:
### Violation of the TCPA's Do Not Call Provision

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. The Defendant violated the TCPA by (a) initiating more than one telephone call to the Plaintiff in a twelve-month period while her number was on the National Do Not Call Registry, or (b) causing others to initiate those calls on its behalf. *See* 47 U.S.C. § 227(c).

45. The Defendants violations were negligent, willful, and knowing.

## Relief Sought

Plaintiff, on her own behalf and on behalf of the members of the classes, requests the following relief:

A. That the Court certify the proposed classes;

B. That the Court appoint Plaintiff class representative;

C. That the Court appoint the undersigned counsel as counsel for the classes;

D. That the Court enter a judgment permanently enjoining the Defendant from engaging in or relying upon telemarketing, or, alternatively, from engaging in or relying upon telemarketing that violates the TCPA;

E. That, should the Court permit Defendant to engage in or rely on telemarketing, it enter a judgment requiring them to adopt measures to ensure TCPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that the Defendant comply with those measures;

F. That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendants' compliance with the TCPA;

G. That Defendant and its agents, or anyone acting on their behalves, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

H. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each willful or knowing violation;

I. That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

J. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

          Plaintiff Diana Mey
          By Counsel

*s/ John W. Barrett*
John W. Barrett (WVSB#7289)
Jonathan R. Marshall (WVSB#10580)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Edward A. Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*